## RICHARD D. AND NANCY F. BACH *v.*
## DEPARTMENT OF REVENUE

Gerard K. Drummond and William C. Scott, Jr., Portland, submitted briefs for plaintiffs.

Theodore W. de Looze and Ira W. Jones, Assistant Attorneys General, Department of Revenue, Salem, submitted briefs for defendant.

Decision for plaintiffs rendered December 10, 1969.

EDWARD H. HOWELL, Judge.

Plaintiffs, owners of 25 shares of common stock of Pacific Power and Light Company, filed a claim

with defendant for an income tax refund for 1965. The defendant failed to act on the claim and plaintiffs appealed to the Tax Court under ORS 314.460 (2).[1] Plaintiffs contend that a portion of a cash distribution received from Pacific Power and Light on their stock was not a "dividend" as defined in ORS 316.010(6) and was not includable in their gross income for 1965.

The issue in this case concerns the meaning of the phrase "earnings or profits" as it appears in ORS 316.010(6) which defines "dividend" and which is set forth in the margin.[2]

The facts have been stipulated.

Pacific Power and Light Company (Pacific) is a Maine corporation doing a public utility business in Oregon and five other states. It is subject to the regulatory authority of the Federal Power Commission, the Public Utility Commissioner of Oregon and the public utility authorities of the other states where it is doing business. Pacific is also subject to the accounting rules and regulations of the Securities and Exchange Commission.

---

[1] ORS 314.460(2) provides that if the tax commission fails to make a determination on a taxpayer's claim within 12 months after the claim is filed, the taxpayer may appeal to the Tax Court without receiving an opinion and order of the commission.

[2] ORS 316.010(6):

"(6) 'Dividend' means any distribution (except a distribution in complete or partial liquidation of a corporation) made by a corporation to its stockholders, whether in money or in other property (a) out of its earnings or profits whenever accumulated or (b) out of the earnings or profits of the tax year (computed as of the close of the tax year without diminution by reason of any distribution made during the tax year), without regard to the amount of the earnings and profits at the time the distribution was made. Every distribution is deemed to have been made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits."

At the end of 1965 Pacific had 8,776 common shareholders residing in Oregon and paid cash distributions or "dividends" of $1.16 per share to each shareholder.[9]

The stipulation also provides that at the end of 1964 Pacific had no accumulated earnings and profits "as calculated for federal income tax purposes." In 1965 Pacific had insufficient current earnings and profits as calculated for federal income tax purposes to equal the distributions paid to each common shareholder. Of the distributions made by Pacific, 60.74 percent of the amount was not out of either accumulated or current earnings and profits as calculated for federal income tax purposes and was not a "dividend" to the taxpayer-shareholders for federal income tax purposes.

■■ The cash distribution to plaintiffs is not includable in their gross income under ORS 316.105(1) unless it constitutes a "dividend." As defined by ORS 316.010(6), a "dividend" is a corporate distribution which comes out of the corporation's current or accumulated "earnings or profits." To the extent that it does not come out of current or accumulated earnings and profits the distribution is not a "dividend" and is treated as a return of capital to the shareholder and reduces the adjusted basis of the stock.

The plaintiffs contend that the statutory definition of "dividend" is practically the same under both the federal law and the Oregon law and that the Oregon statute should be construed the same as decisions, administrative rulings and regulations have construed the federal law.

---

[9] Plaintiffs' claim for a refund involves only the sum of $1.06. However, the result in this case will affect not only the 8,776 Oregon shareholders of Pacific, but many other Oregon shareholders of stock in other utilities whose cash distributions are partially tax free for federal purposes.

The defendant contends that "earnings and profits" are, in effect, the same as earned surplus or "book" income and as Pacific had sufficient earned surplus to cover the dividends, the distribution was all taxable. The plaintiffs argue that although Pacific had substantial income and earned surplus, the terms are not synonymous with earnings and profits.

■ "Earnings and profits" is a concept whose meaning has evolved primarily from court decisions, rulings and regulations, rather than from specific provisions of the Internal Revenue Code. "Surplus" has been rejected as a criteria for earnings and profits although earnings and profits can be computed by adjustments to surplus. Neither is earnings and profits synonymous with taxable income but it is generally agreed that a determination of earnings and profits *should start with taxable income.* It is possible that certain items excluded from taxable income should be included in computing earnings and profits; other items deducted in computing taxable income may not be deducted in computing earnings and profits and certain items that cannot be deducted in computing taxable income may be deducted in computing earnings and profits. Basically, however, taxable income, not book income, should be used to determine earnings and profits. Bittker & Eustice, *Federal Income Taxation of Corporations and Shareholders,* § 5.03 (2d ed, 1966); Katcher, *What Is Meant by Earnings and Profits,* NYU, 18th Inst on Fed Tax, 235-241. Also earnings and profits are computed by the same method of accounting used by the taxpayer to determine his taxable income. NYU, 18th Inst on Fed Tax, *supra,* at 242.

Here Pacific's federal taxable income was less than net income largely because of deductions for deprecia-

tion plus deductions for taxes, pension costs and percentage depletion.

The word "dividend" was first defined as a distribution out of "earnings or profits" in Oregon in 1939 (Or L 1939, ch 488). For many years previously the federal statutes had also defined "dividends" as distributions from "earnings or profits."④ A comparison of the 1939 Oregon statute and the federal statute in effect in 1938 is set forth below.⑤

With the exception that the federal statute refers to earnings and profits "accumulated after February 28, 1913," and the Oregon statute refers to earnings or profits "whenever accumulated," the two statutes are almost identical.

■ Where an Oregon statute is substantially the same as a prior federal statute the Oregon courts generally will adopt the interpretation given the federal

④ The original phrase "earnings or profits" was changed in the 1954 Internal Revenue Code to earnings *and* profits. However, no substantive change was intended. 1954 U S Code Cong & Ad News, Vol 3, p 4236.

⑤ Or L 1939, ch 488, § 1, §§ 10, provides:

"(10) The word 'dividend' means any distribution (except a distribution in complete or partial liquidation of a corporation) made by a corporation to its stockholders, whether in money or in other property (1) out of its earnings or profits whenever accumulated or (2) out of the earnings or profits of the tax year (computed as of the close of the tax year without diminution by reason of any distribution made during the tax year), without regard to the amount of the earnings and profits at the time the distribution was made."

The federal statute in force at the time, Rev Act of 1938, ch 289, § 115(a), 52 Stat 496, provides that the term "dividend" "* * * means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made."

act by the federal courts. Also, a history of administrative interpretation of the federal statute justifies an inference that the Oregon legislature intended to give the same effect to the Oregon statute as was given the federal statute by the federal government. *Pac. Supply Coop. v. State Tax Com.*, 224 Or 556, 356 P2d 939 (1960).

In *Marx v. Bragalini*, 6 NY2d 322, 160 NE2d 611, 189 NYS2d 846, 4 CCH STC ¶ 250-053 (1959), the court held that the phrase "earnings or profits" under the New York law was entitled to the same interpretation as given the term by the federal courts. The court stated:

> "In short, the term 'earnings or profits' used in defining 'dividends' in the New York Personal Income Tax Law was drawn from the Federal Income Tax Law, 26 USCA § 1 et seq, and no good reason has been advanced for adopting a different meaning of that term for New York State income tax purposes than has been adopted and consistently applied from the beginning in the construction of the Federal statute. * * *" 160 NE2d at 615.

■ It is clear that the federal interpretation of earnings and profits has accepted taxable income rather than book income or surplus as the focal point for determining earnings or profits. Bittker & Eustice, *Federal Income Taxation of Corporations and Shareholders, supra;* Katcher, *What Is Meant by Earnings and Profits, supra.* The same interpretation should be given to the Oregon statute defining earnings and profits.⊚

---

⊚ The defendant's Reg 316.010(6)-(A) is not helpful in determining whether taxable income or book income was intended in finding earnings and profits. The regulation states in part:

"In determining the amount of earnings or profits, due

The defendant's primary argument is that use of the federal determination of earnings and profits would constitute an unconstitutional delegation of legislative powers in violation of Art I, § 21, of the Constitution of Oregon.[7] The defendant contends that using the federal determination would amount to the adoption of federal laws, regulations and administrative interpretations regarding matters such as depreciation, pension costs and percentage depletion to arrive at earnings and profits and would be unconstitutional.

■ The law is well established in Oregon that it is an unconstitutional delegation of legislative authority to delegate to a state agency the authority to adopt as the law of Oregon future laws of the United States or regulations of a federal agency. However, adoption of existing statutes and regulations of the federal government is not unconstitutional. *Seale et al v. Mc-Kennon*, 215 Or 562, 336 P2d 340 (1959), and cases cited therein.

The plaintiffs contend that the Oregon legislature

consideration must be given to the facts, and mere bookkeeping entries increasing or decreasing surplus are not conclusive. The amount of earnings and profits of a corporation for a particular period, as computed for the purposes of this regulation, is not limited to the amount of earnings or profits as computed for the purposes of a tax upon or measured by its net income. For example, a dividend is not tax exempt merely because it is allegedly paid out of a reserve for depreciation or depletion, or out of income which was tax exempt when received by the corporation."

The regulation does not endorse book income or surplus or strictly taxable income as being earnings and profits.

[7] "* * * nor shall any law be passed, the taking effect of which shall be made to depend upon any authority, except as provided in this Constitution; * * *." Constitution of Oregon, Art I, § 21.

by the enactment of ORS 316.010(6) in 1939 did not adopt prospective federal statutory changes in the definition of "earnings or profits." As pointed out earlier, there has been no attempt to define "earnings or profits" by federal statute. What was adopted by the Oregon legislature, according to plaintiffs, was the federal administrative and judicial definition or concept of "earnings or profits" as it stood in 1939.

■ To adopt the federal definition of earnings and profits as starting with federal taxable income does not amount to an unconstitutional delegation of legislative authority to the federal Congress. The Oregon legislature did not adopt any future changes in federal statutory tax law as the law of Oregon. As the plaintiffs argue, the federal definition of earnings and profits is the same now as it was in 1939. The term "earnings and profits" is a tax accounting concept as compared to a legal concept and whether book income or taxable income is used as the focal point, the amount of income and earned surplus is to a certain extent, at least, dependent upon accounting principles and the requirements of the Security and Exchange Commission and the Federal Power Commission. Whether "book income" or federal taxable income is used, the amount will be affected by non-Oregon administrative and regulatory rules and requirements and in the case of depreciation by federal statutes. Any accounting method for a utility such as Pacific will be affected by laws and regulations extrinsic to Oregon.

The defendant concedes that accounting methods differ between utilities resulting in a lack of uniformity and states in its brief "that no system * * * available to the mind of man does not preclude dif-

ferent methods being utilized by different companies, whether we are talking about distribution of stock dividends, utilization of depreciation, or any other accounting adjustment." The defendant then states that it would be better to use the Federal Power Commission's method of accounting to determine earnings and profits than the federal income tax method of accounting. The obvious answer to this statement is that if use of the federal income tax method is an invalid delegation of authority, by the same reasoning use of the Federal Power Commission's method would be unconstitutional.

■ The determination of what constitutes earnings and profits primarily involves a question of fact. Factors considered in arriving at the amount of earnings and profits may be affected by federal regulations or federal laws (as in the case of depreciation) but this does not amount to an adoption of federal regulations or laws that might be promulgated in the future. The effect of the federal regulations or laws is indirect as in the case where allowable depreciation under federal statutes will affect the amount of federal income tax paid and therefore will also affect Oregon taxable income because the federal tax is deductible. However, no one would contend that allowing a deduction for federal income taxes paid is an unlawful delegation of legislative authority by the Oregon legislature to the federal Congress. Also a change in allowable depreciation under federal laws will affect earnings and profits but this does not amount to an unconstitutional delegation of legislative authority.

The plaintiffs are entitled to the refund as requested in the complaint.